UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:19-CV-82-TBR-LLK

LAMONT DOZIER,                                                                            PLAINTIFF

v.

DOUGLAS AUTOTECH CORP.,                                                           DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on several motions. First, Defendant Douglas Autotech Corp. filed a Motion for Judgment on the Pleadings. [DN 10]. Plaintiff Lamont Dozier responded, [DN 11], and Defendant replied, [DN 14]. Additionally, Plaintiff filed a Motion for Judgment on the Pleadings, [DN 12], to which Defendant responded, [DN 13]. Finally, the parties filed a Joint Motion to Stay Discovery, [DN 15], until the Court issues a ruling on the pending motions for judgment on the pleadings. These matters are ripe for adjudication. For the reasons stated herein, Defendant's Motion for Judgment on the Pleadings, [DN 10], is GRANTED IN PART; Plaintiff's Motion for Judgment on the Pleadings, [DN 12], is DENIED AS MOOT; and the Joint Motion to Stay Discovery, [DN 15], is GRANTED.

**BACKGROUND**

According to the Complaint, Defendant operates a manufacturing facility in Hopkinsville, Kentucky. [DN 1 at 2]. On November 2, 2017, Plaintiff applied to work at Defendant's facility. *Id.* On the employment application, Plaintiff listed the criminal convictions he had received in the past fifteen years. *Id.* On November 7, he was interviewed and offered the job. *Id.* However, before Plaintiff reported for work, Defendant ran a background check and discovered that Plaintiff had not disclosed a 1999 conviction for fourth degree assault. *Id.* at 3. On November 13, Plaintiff arrived at the facility and one of Defendant's Human Resource employees informed Plaintiff that

1

Defendant had rescinded the job offer based on the 1999 conviction. *Id.* Although Plaintiff informed the employee he had forgotten to list the conviction, the job offer was not reinstated. *Id.* at 4.

In December 2017, Plaintiff obtained a job with Gem Quality, whose employees conduct services in other businesses' manufacturing facilities. *Id.* at 7–8. Gem Quality assigned Plaintiff to work in Defendant's facility. *Id.* at 8. On January 2, 2018, Defendant informed Gem Quality that Plaintiff was not allowed on its premises, thereby preventing Plaintiff from working for Gem Quality. *Id.*

On October 9, 2018, Plaintiff filed a charge against Defendant with the Equal Employment Opportunity Commission ("EEOC"). [DN 1-3]. On March 11, 2019, the EEOC issued a right to sue letter. [DN 1-5]. On June 10, 2019, Plaintiff filed the current action alleging race discrimination under Title VII of the Civil Rights Act, race discrimination under the Kentucky Civil Rights Act, tortious interference with business relations, and tortious interference with contractual relations. [DN 1]. Plaintiff's discrimination claims are based on the theory that "Defendant employs a blanket policy of denying employment to anyone who fails to disclose, prior to the background check, arrests, charges or convictions disclosed on the background check, without regard to the age or relevance of the charge, without regard to whether the charge would or would not be disqualifying, and without regard to the applicant's explanation for not listing the charge or conviction." *Id.* at 5. Moreover, Plaintiff alleges this policy "has a disparate impact upon African-American applicants." *Id.* Defendant answered Plaintiff's Complaint, [DN 4], and filed the instant Motion for Judgment on the Pleadings, [DN 10].

## LEGAL STANDARD

Under the Rule 12(c) of the Federal Rules of Civil Procedure, "a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A court is to apply the same standard to a motion for judgment on pleadings that it applies to a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010) (citing *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001)). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). The Sixth Circuit Court of Appeals has stated that a Rule 12(c) motion for judgment on the pleadings, "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.* (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

When considering a motion for judgment on the pleadings, "[a]lthough [the Court's] decision rests primarily upon the allegations of the complaint, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[] also may be taken into account." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (alterations in original) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)) (internal quotation marks omitted); *see also Whittiker v. Deutsche Bank Nat. Trust Co.*, 605 F. Supp. 2d 914, 925 (N.D. Ohio 2009) ("In addition to consideration of the pleadings, federal courts may also consider materials that are public records or otherwise appropriate for taking judicial notice without converting a Rule 12[(c)] motion to a Rule 56 motion."). "Documents attached to a motion [for judgment on the pleadings] are considered part of the pleadings if they are referred to in plaintiff's

complaint and are central to the claims, and therefore may be considered without converting a Rule 12[(c)] motion [for judgment on the pleadings] to a Rule 56 motion." *Whittiker*, 605 F. Supp. 2d at 924 (citing *Weiner v. Klais and Company*, 108 F.3d 86, 89 (6th Cir. 1997)). According to Rule 12(d) of the Federal Rules of Civil Procedure, if a court considers information outside of the pleadings when ruling on a 12(b)(6) or 12(c) motion, the motion must be treated as a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d).

## DISCUSSION

### I. Title VII Claim

To file an action under Title VII, a complaining party must satisfy specific procedural prerequisites. *See* 42 U.S.C. § 2000e-5; *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). The timely filing of a charge of discrimination with the EEOC is one such condition precedent to maintaining a Title VII lawsuit. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 498 (6th Cir. 2001); *Alexander v. Local 496, Laborers' Int'l Union of N. Am.*, 177 F.3d 394, 407 (6th Cir. 1999). In a deferral state, such as Kentucky, *see Maurya v. Peabody Coal Co.*, 823 F.2d 933, 934 (6th Cir. 1987), a charge of discrimination must be filed with a state or local agency no more than 300 days "after the alleged unlawful employment practice occurred," 42 U.S.C. § 2000e-5(e)(1). "A claim is time barred if it is not filed within these limits." *Morgan*, 536 U.S. at 109.

In its Motion for Judgment on the Pleadings, Defendant argues that Plaintiff's Title VII claim for racial discrimination is time barred by the statute of limitations. [DN 10-1 at 71]. Defendant informed Plaintiff that his job offer was rescinded on November 13, 2017. *Id.* at 76. Therefore, Plaintiff had until September 9, 2018 to file a charge with the EEOC. *Id.* Since Plaintiff did not file his charge until October 9, 2018, Defendant argues that Plaintiff's Title VII claim is untimely and should be dismissed. *Id.*

In response, Plaintiff acknowledges that Defendant rescinded Plaintiff's job offer more than 300 days before he filed a charge with the EEOC. [DN 11 at 80]. However, Plaintiff claims that Defendant took a second race-based action against Plaintiff on January 2, 2018 when it prohibited Plaintiff from working in its facility as an employee of Gem Quality. *Id.* Thus, Plaintiff states: "Defendant's Motion for Judgment on the Pleadings should be granted as to claims arising from events occurring prior to December 12, 2017, but denied as to events occurring on or after December 13, 2017, including the events on or about January 2, 2018." *Id.* at 84.

In reply, Defendant argues that the January 2 event is not actionable on its own because it is a continuing effect of a past act of alleged discrimination. [DN 13 at 94]. It contends "the limitation periods for Title VII actions 'begin to run in response to discriminatory acts themselves, not in response to the continuing effects of past discriminatory acts.'" *Id.* at 95 (quoting *Blevins v. General Electric Co.*, 995 F.2d 1066 (Table) (6th Cir. 1993)). Here, Defendant argues that its statement to Gem Quality that Plaintiff was not allowed at its facility "was simply a continuing effect of the past act – a recession of the tentative job offer." *Id.* at 96. According to Defendant: "Because the act of rescinding the tentative job offer is unquestionably time barred and because the later related communication between Defendant and Gem Quality is a continuing effect of the rescission, Plaintiff's Title VII claim should be dismissed as a matter of law." *Id.*

For support, Defendant cites *Blevins v. General Electric Co.*, 995 F.2d 1066 (Table) (6th Cir. 1993). Marie Blevins was an unskilled worker at a General Electric ("GE") plant. *Id.* at *1. In order to be promoted to a skilled mechanical job, all workers were required to pass a mechanical skills test. *Id.* In 1987, Blevins took and failed the skills test. *Id.* A few years later, she was laid off despite the fact that skilled positions were readily available at the plant. *Id.* However, because Blevins had not passed the skills test, she was not considered for those position. *Id.* Instead, GE

hired males from outside the company who had passed the skills test. *Id.* Blevins then brought a Title VII action against GE alleging that the test had a disparate impact on women seeking promotions to skilled positions in the plant. *Id.* at *2. On appeal, the Sixth Circuit noted that "[t]he limitations period for Title VII actions 'begin to run in response to discriminatory *acts* themselves, not in response to the continuing effects of past discriminatory acts.'" *Id.* (quoting *Dixon v. Anderson*, 928 F.2d 212, 216 (6th Cir. 1991)). The discriminatory act occurred when Blevins failed the skills test and was removed from consideration for promotion to a skilled position. *Id.* The Court found that "plaintiffs' remaining allegations all concern the 'continued use' of the [skills test] and may be characterized as no more than continuing effects of the past allegedly discriminatory act." *Id.* Blevins should have filed her charge with the EEOC within 300 days of failing the skills test. *Id.* Since she did not, her claim was untimely. *Id.*

In the context of the continuing violation doctrine, which is not at issue in this case,[1] the Sixth Circuit has noted the difference between continuing violations of Title VII and continuing effects of a prior violation. *See Pittman v. Spectrum Health Sys.*, 612 F. App'x 810, 814 (6th Cir. 2015) (collecting cases) ("*Trzebuckowski v. City of Cleveland,* 319 F.3d 853, 858 (6th Cir. 2003)

---

[1] Neither party has argued that the continuing violation doctrine applies. "A continuing violation presents a 'narrow exception' to the usual requirement to bring an EEOC complaint within the limitations period." *Block v. Meharry Med. Coll.*, 723 F. App'x 273, 279 (6th Cir. 2018) (citing *Cox v. City of Memphis*, 230 F.3d 199, 202 (6th Cir. 2000)). "An employee can demonstrate a continuing violation in two ways, one of which is by showing there is 'an ongoing, continuous series of discriminatory acts.'" *Id.* Generally speaking, when a "continuing violation is found, 'a plaintiff is entitled to have the court consider all relevant actions allegedly taken pursuant to the employer's discriminatory policy or practice, including those that would otherwise be time barred.'" *Sharpe v. Cureton*, 319 F.3d 259, 267 (6th Cir. 2003) (quoting *Alexander*, 177 F.3d at 408). However, in *Morgan*, 536 U.S. 101, the Supreme Court limited the continuing violation doctrine to exclude its application from circumstances of serial violation where those violations consisted of discrete acts. *Id.* at 102 ("Discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act."). Thus, if the Court were to find that Defendant's hiring decision and its communication with Gem Quality constitute two discrete discriminatory acts, the rescission of the job offer would remained barred by the statute of limitations, but the communication between Defendant and Gem Quality would "start[] a new clock for filing charges alleging that act." *Id.*

6

(concluding plaintiff's fear of future attempts to enforce a city ordinance against him was the 'ill effect' of an earlier discriminatory prosecution and 'not a new act or violation of his rights'); *see also, e.g., Janikowski v. Bendix Corp.,* 823 F.2d 945, 948 (6th Cir. 1987) (defendant's refusal to place plaintiff in another department, following one-year notice of termination to plaintiff allegedly motivated by plaintiff's age, did not trigger continuing-violations doctrine because plaintiff's placement requests were merely 'an attempt to avoid the consequences of the termination'); *Kovacevich v. Kent State Univ.,* 224 F.3d 806, 829 (6th Cir. 2000) (denial of plaintiff's grievance alleging sex and age discrimination did not 'constitute a discriminatory act that tolls the statute of limitations' (citing *Janikowski,* 823 F.2d at 948)); *Joishy v. Cleveland Clinic Found.,* 3 F. App'x 259, 261 (6th Cir.2001) (per curiam) ('Consequences of past acts . . . are insufficient to establish present acts of discrimination and will not extend or toll the limitations period.'); *Z Tech. Corp. v. Lubrizol Corp.,* 753 F.3d 594, 600 (6th Cir. 2014) (complaint failed to allege 'some injurious act actually occurring during the limitations period . . . [and offered] merely the abatable but unabated inertial consequences of some pre-limitations action.' (quoting *Barnosky Oils, Inc. v. Union Oil Co. of Cal.,* 665 F.2d 74, 81 (6th Cir. 1981))); *cf. Noble v. Chrysler Motors Corp., Jeep Div.,* 32 F.3d 997 1001–02 (6th Cir. 1994) (holding that, while union's initial failure to process a grievance may constitute an unfair labor practice, union's subsequent inactivity in pursuing the grievance was not a continuing violation)").

In this case, there is no dispute that Defendant's decision to rescind Plaintiff's job offer occurred more than 300 days before Plaintiff filed his charge with the EEOC. [*See* DN 11 at 84]. While Plaintiff claims that "Defendant's act of informing Gem Quality that Plaintiff was not allowed on Defendant's premises was based on a practice which had a disparate impact on African Americans and constituted race discrimination," [DN 1 at 9], the Court finds that this action is

7

more accurately characterized as a "continuing effect" of Defendant's prior decision to rescind Plaintiff's job offer. Discrete discriminatory acts include things such as "termination, failure to promote, denial of transfer, or refusal to hire." *Morgan*, 536 U.S. at 114. Moreover, "[t]he date an alleged discrimination occurs and the limitations period commences is when a "decision [is] made and communicated." *Block v. Meharry Med. Coll.*, 723 F. App'x 273, 278 (6th Cir. 2018) (citing *Del. State Coll. V. Ricks*, 449 U.S. 250, 258 (1980)). Thus, Defendant's alleged discriminatory action occurred when it decided not to hire Plaintiff and informed him of its decision on November 13, 2017. The fact that Defendant communicated its decision to Gem Quality on January 2 illustrates the continued effect of the employment decision, not a new act or violation of Plaintiff's rights. *See Trzebuckowski*, 319 F.3d at 858. Therefore, Plaintiff was required to file his charge with the EEOC within 300 days of Defendant's employment decision. Since Plaintiff failed to meet this deadline, his Title VII claim must be dismissed as untimely.

   II.   **Remaining State Law Claims**

United States District Courts have original federal question jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. District Courts also have original diversity jurisdiction over actions where the amount in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. *Id.* § 1332(a)(1). In addition to federal question and diversity jurisdiction, district courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C § 1367(a). Thus, a district court is granted jurisdiction to hear causes of action arising under state law so long as those claims "form part of the same case or controversy" giving rise to the court's federal question jurisdiction. Although district courts are granted supplemental jurisdiction under §

1367(a), they may, in their discretion, decline to exercise that jurisdiction for the reasons listed in § 1367(c). Specifically, a district court may decline jurisdiction over a supplemental state law claim where the court "has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c)(3).

In the instant case, Plaintiff's federal Title VII claim has been dismissed. Since Plaintiff's remaining claims were filed pursuant to state law, the Court no longer has federal question jurisdiction over this action. In the Motion for Judgment on the Pleadings, Defendant requests the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. [DN 10-1 at 76]. Although there is no longer a federal question before the Court, the Complaint states that "this Court has jurisdiction pursuant to 28 U.S.C. 1332, as Plaintiff and Defendant are citizens of different states (Plaintiff is a citizen of Tennessee and Defendant is a citizen of Michigan) and the amount in controversy exceeds Seventy-Five Thousand Dollars, exclusive of interest and costs." [DN 1 at 12]. Defendants do not contest jurisdiction on this basis. Accordingly, the Court will allow Plaintiff's state law claims to proceed pursuant to 28 U.S.C. § 1332(a)(1).

## II.   Plaintiff's Motion for Judgment on the Pleadings

Plaintiff also filed a Motion for Judgment on the Pleadings, in which he asks the Court to strike Defendant's statute of limitations defense. [DN 12 at 86]. Since the Court found that Plaintiff's Title VII claim is time barred, Plaintiff's Motion for Judgment on the Pleadings, [DN 15], is DENIED AS MOOT.

## CONCLUSION

For the reasons stated herein, **IT IS HEREBY ORDERED**:

- Defendant's Motion for Judgment on the Pleadings, [DN 10], is **GRANTED IN PART**. Plaintiff's Title VII race discrimination claim is dismissed.

- Plaintiff's Motion for Judgment on the Pleadings, [DN 12], is **DENIED AS MOOT.**

- The Joint Motion to Stay Discovery, [DN 15], is **GRANTED**.

- Due to the Court's schedule, the telephonic conference scheduled for Friday, March 13, 2020 is **CANCELED**. A telephonic conference will be held on Tuesday, March 17, 2020 at 10:00 AM Central. The Court will place the call to counsel.

**IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge
United States District Court**

March 6, 2020

CC: Attorneys of Record